IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | Cr. No.: 7:22-00842-HMH-6 |
| vs. | ) | |
| | ) | |
| Kendrick Naveed Corbin, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Kendrick Naveed Corbin's ("Corbin") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the court dismisses Corbin's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 18, 2023, Corbin pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 846 ("Count Four"); one count of discharging a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("Count Five"); one count of conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) ("Count Eight"); and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Eleven"). On November 14, 2023, the court sentenced Corbin to 231 months' imprisonment, consisting of 51 months on Counts Four and Eight, to run concurrently; 120 months on Count Five, to run consecutively to all other counts; and 60 months on Count Eleven, to run consecutively to all other counts. (J., ECF No. 469.) Corbin did not appeal his convictions.

1

Corbin filed a motion seeking the appointment of counsel and the instant § 2255 motion on December 28, 2023,[1] alleging that his counsel was ineffective for coercing him to enter into a plea agreement and plead guilty, failing to provide him with "full discovery," and failing to effectively communicate with him.  (§ 2255 Mot., ECF No. 482.)   On January 4, 2024, the court denied the motion to appoint counsel and ordered Corbin to bring his § 2255 motion into proper form.  (Order, ECF No. 483.)   Corbin submitted his amended § 2255 motion in proper form along with additional documents on January 16, 2024.  (Am. § 2255 Mot., ECF No. 495.) In his amended § 2255 motion, he realleges his ineffective-assistance-of-counsel claims and asserts additional claims contesting his convictions on Counts Four, Five, and Eleven.  (Id. at 3-7, ECF No. 495.)   Corbin generally claims that he never personally possessed a firearm or any marijuana.  (Id., ECF No. 495.)   This matter is ripe for review.

## II. Discussion of the Law

### A. Ineffective-Assistance-of-Counsel Claims

To successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Corbin must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984).   With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]"   Id. at 689 (citation omitted).   With respect to the second prong, because Corbin pled guilty, he must demonstrate "a reasonable probability that, but for counsel's

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal citation and quotation marks omitted). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974) (internal quotation marks omitted). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. at 30 (internal quotation marks omitted); Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [for effective assistance of counsel].").

Corbin "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56 (internal quotation marks omitted). In conclusory fashion, Corbin alleges that his guilty plea was not

3

knowing and voluntary because his counsel was ineffective for coercing him to enter into his plea agreement and plead guilty, failing to provide discovery,[2] and failing to communicate. (§ 2255 Mot. & Am. § 2255 Mot., ECF Nos. 482, 485.)

The Rule 11 colloquy, however, reflects that Corbin knowingly and voluntarily pled guilty. At his plea hearing, Corbin stated under oath that he had had enough time to discuss the matter with his attorney and had no complaints of his attorney. (Guilty Plea Tr. 4-5, ECF No. 503.) Corbin further indicated that he understood the charges against him, the potential penalties, and the rights that he was waiving by pleading guilty. (Id. at 6-12, ECF No. 503.) The court also specifically informed Corbin of the elements of each offense, and Corbin indicated that he understood those elements.[3] (Id. at 6-9, ECF No. 503.)

---

[2] Corbin also alleges that his guilty plea was not knowing and voluntary because his attorney did not provide him with a copy of his Presentence Investigation Report. (Am. Mot. Ex. 3 (Letter 1), ECF No. 495-3.) This claim is wholly without merit because a Presentence Investigation Report is not prepared until after a plea is entered. Thus, Corbin's attorney could not have provided Corbin with a Presentence Investigation Report before he pled guilty.

[3] For Count Four, the court stated the elements as follows:

> There was an agreement between two or more persons to possess with intent to distribute and to distribute a controlled substance alleged in the indictment. That you knew this agreement -- about this agreement or conspiracy. That you knowingly and voluntarily participated in or became a part of the unlawful conspiracy.

(Guilty Plea Tr. 6, ECF No. 503.) For Count Five, the court explained to Corbin that the Government must prove "[t]hat you committed a drug trafficking crime that may be prosecuted in a court of the United States. That you knowingly possessed a firearm in furtherance of such crime. That the possession of the firearm advanced the offense in some way, and that you discharged the firearm." (Id. at 8-9, ECF No. 503.) Finally, for Count Eleven, the court informed Corbin that the elements were "[t]hat you committed a drug trafficking crime . . . that may be prosecuted in a court of the United States. That you knowingly possessed a firearm in furtherance of such crime. And the possession of the firearm advanced the offense in some way." (Id. at 7-8, ECF No. 503.)

Further, Corbin stated that no one had forced or coerced him into pleading guilty and that he was pleading guilty because he was guilty. (Id. at 12, ECF No. 503.) In addition, Corbin confirmed that he had thoroughly reviewed the plea agreement with his attorney, understood "each and every provision of" it, and understood that he was "waiv[ing] certain appellate rights." (Id. at 12-13, ECF No. 503.) Corbin then agreed with the following factual summary offered by the Government:

> Beginning at a time prior to January 25th of 2022, Kendrick Naveed Corbin voluntarily and intentionally joined in an agreement with at least one other co-conspirator to attempt to rob individuals who were transporting marijuana through the Greenville Spartanburg International Airport as alleged in Count 8.
>
> Mr. Corbin and his associate, Mr. Razor, traveled up to GSP on January 25th, 2022, waited outside the terminal. Individuals who were trafficking marijuana came outside, loaded the marijuana into the vehicle. They followed the vehicle into the parking garage and attempted to rob four individuals of the suit cases containing marijuana using firearm. This attempted robbery obstructed, delayed, or affected commerce as alleged in Count 8 in that it disrupted operations of the international airport and affected the movement of a distribution quantity of marijuana, which the victims of the robbery were attempting to traffic and which was seized by the police as a result of the robbery.
>
> Beginning at least in or around January of 2020, Mr. Corbin agreed with at least one other co-conspirator and Mr. Brown did as well, to possess with intent to distribute marijuana and distribute marijuana as alleged in Count 4. The attempted robbery at GSP on January 25th, 2022, and the events that followed in January of 2023, were committed in furtherance of this conspiracy, and the robbery was committed in an attempt to acquire additional marijuana which Mr. Corbin and other members of the conspiracy intended to distribute.
>
> In furtherance of this conspiracy to possess with intent to distribute marijuana, Mr. Corbin discharged a firearm while attempting to take possession of the marijuana in the parking garage. Following the attempted robbery police located Mr. Corbin's associate. They also found a firearm that matched shell casings from that scene of the shooting. Mr. Corbin's fingerprints were found on the driver side of the car used in the robbery. He was captured on surveillance footage from the airport, and cell phones obtained from Mr. Corbin and Mr. Razor placed him at the scene of the robbery at the time of the robbery.
>
> After Mr. Corbin was indicted on this case in 2022, law enforcement learned that he was headed to GSP on January 23rd of 2023, and he had Mr. Brown with him at

the time. When law enforcement arrived they found Mr. Corbin and Mr. Brown parked in a vehicle outside the terminal. The vehicle smelled strongly of marijuana. It was searched and multiple firearms were recovered. Mr. Corbin was in the process of picking up co-defendant Maurice Bynum who's also a co-conspirator with Mr. Brown who had just flown into GSP and who was attempting to load a suitcase into the back of the car that these two gentlemen were sitting in.

A search of the suitcase revealed a large quantity of vacuum sealed marijuana. A search of Mr. Corbin's cell phone revealed text messages indicating he was there. He was on the way to the airport to re-up on that day, which is a term for resupplying himself, as well as a photo of a pistol that was recovered from the center console of the vehicle that he was driving. He was attempting to possess marijuana with intent to distribute it and possessed the firearm in furtherance of this drug trafficking crime.

The same is true of Mr. Brown who was also with him that day. He took possession of a Glock model 23, which was sitting right in the door next to him while this marijuana was attempting to be loaded in the back of the car. And evidence from his cell phone revealed communications indicating that he was a part of this conspiracy to distribute marijuana and knew that they were there to pick up marijuana. He therefore possessed a firearm in furtherance of a drug trafficking crime and was a part of that drug trafficking conspiracy. That's a summary of the facts.

(Guilty Plea Tr. 15-18, ECF No. 503.)

The Fourth Circuit has admonished that, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005); Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., Medley v. United States, Civil Action No. DKC 2008-1477, 2009 WL 2168940, at *4 (D. Md. July 17, 2009) (unpublished) (denying § 2255 motion based on ineffective assistance of counsel and

6

concluding that "[p]etitioner must have more than mere allegations to create factual disputes with the sworn testimony she offered in her plea proceeding").

There are no extraordinary circumstances present in this case to support Corbin's conclusory claims.  Corbin alleges that his attorney coerced him into pleading guilty by "threat[ening]" him that he would receive a longer sentence if he did not "take a plea".  In support of his claim that he did not wish to plead guilty, Corbin submits that he "never touched or seen or had [any] marijuana in [his] possession" and states that his fingerprints were not found on any weapons.  (Am. § 2255 Mot. 5 & Ex. 3 (Letter), ECF Nos. 495, 495-3.)  Corbin's allegations fail to support a finding that his attorney was constitutionally ineffective.

As an initial matter, Corbin admitted to actual possession of a firearm when he agreed that he discharged a firearm in the attempted robbery.  Further, under the applicable law, actual possession of narcotics or a firearm is not required.  "Once it is established that a defendant is a participant in a conspiracy to possess and distribute a controlled substance, he need not have actual possession of the controlled substance to be guilty of the substantive charge of possession with intent to distribute.  Constructive possession is sufficient." United States v. Laughman, 618 F.2d 1067, 1076-77 (4th Cir. 1980)  "A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it." United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985).  Likewise, with respect to the firearm offenses, "[a] defendant is guilty under § 924(c)(1)(A) if, during and in relation to a drug trafficking crime or crime of violence, he uses or carries a firearm, or if he possesses a firearm in furtherance of such a crime.  Actual possession is not necessary; constructive possession is sufficient."  United States v. Marsh, 815 F. App'x 739, 740 (4th Cir. Jul. 31, 2020) (unpublished) (internal quotation marks and citation omitted); United States v. Branch, 537 F.3d

328, 343 (4th Cir. 2008) ("[A] person has constructive possession over contraband when he has ownership, dominion, or control over the contraband itself or over the premises or vehicle in which it [is] concealed." (internal quotation marks omitted)).

The admitted facts establish that Corbin entered into a conspiracy to distribute marijuana and used firearms in furtherance of the drug trafficking. (Guilty Plea Tr. 15-18, ECF No. 503.) Corbin's statements under oath during his Rule 11 colloquy squarely contradict his claims that his counsel failed to provide him with discovery, failed to communicate with him, coerced him to plead guilty, or failed to explain the plea agreement. Morgan v. United States, No. 1:18CR31, 2022 WL 3702030, at *3 (N.D. W. Va. Aug. 26, 2022) (unpublished) ("The plea colloquy also contradicts [defendant's] assertion that his attorney and the Court coerced him into pleading guilty. [Defendant] alleges that his attorney convinced him to plead guilty by promising he would receive a sentence of probation.")

Moreover, Corbin received a substantial benefit by pleading guilty in the form of a three-level reduction for acceptance of responsibility. United States v. Kidwell, No. 5:19-CR-00025-002, 2023 WL 5751476, at *4 (W.D. Va. Sept. 6, 2023) (unpublished) ("[A] lack of prejudice is evidenced by both the substantial benefit she received by pleading guilty and cooperating, and her numerous statements under oath confirming that she understood the charges against her, the potential penalties, and that her decision to plead guilty was not the result of coercion or threats. In short, there is no evidence to support that she would have gone to trial instead of pleading guilty had counsel offered different advice.").

Based on the foregoing, the truth of Corbin's sworn statements during his plea hearing is conclusively established. Corbin's conclusory claims, lacking in any factual basis, are wholly insufficient to overcome his sworn testimony during his plea hearing. The record reflects that

8

Corbin voluntarily and knowingly pled guilty. Further, there is no evidence that Corbin's counsel was deficient or that Corbin would not have pled guilty and insisted on going to trial.

### B. Direct Review Claims

As for Corbin's direct challenges to his convictions on Counts Four, Five, and Eleven, Corbin waived his right to file a § 2255 motion except for claims for "ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence." (Plea Agreement ¶ 9, ECF No. 359.) Corbin's challenges to these convictions do not fall within one of these exceptions.

Alternatively, and in addition, Corbin failed to raise these claims on direct appeal. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). Generally, claims not raised on direct appeal may not be raised on collateral review unless "defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" Id. at 622 (internal citations omitted).

Corbin cannot show either cause or prejudice excusing his procedural default. United States v. Jones, No. 94-6209, 1995 WL 321263, at *1 (4th Cir. May 30, 1995) (unpublished) ("Although [defendant's] plea agreement prevented him from appealing, this is not sufficient cause for his procedural default."). Further, there is no evidence to support a claim of actual innocence. To demonstrate a miscarriage of justice, the movant must prove "actual innocence" of the crime for which he was convicted, substantiating that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (citations and internal quotation marks omitted).

Therefore, it is

**ORDERED** that Corbin's § 2255 motions, docket number 482 and 495, are summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Corbin has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 30, 2024

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal <u>this order</u> within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.