IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | |
| ) | Cr. No.: 7:22-00842-HMH-6 |
| vs. ) | |
| ) | |
| Kendrick Naveed Corbin, ) | **OPINION & ORDER** |
| ) | |
| Movant. ) | |

This matter is before the court on Kendrick Naveed Corbin's ("Corbin") supplemental motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his supplemental motion, Corbin alleges for the first time that his attorney failed to file an appeal as requested. (§ 2255 Supp. Mot., ECF No. 521.)

On July 18, 2023, Corbin pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 846 (Count Four); one count of discharging a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Five); one count of conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) (Count Eight); and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Eleven). On November 14, 2023, the court sentenced Corbin to 231 months' imprisonment, consisting of 51 months on Counts Four and Eight, to run concurrently; 120 months on Count Five, to run consecutively to all other counts; and 60 months on Count Eleven, to run consecutively to all other counts. (J., ECF No. 469.) Corbin did not appeal his convictions.

On December 28, 2023,[1] Corbin filed a motion seeking the appointment of counsel, as well as a § 2255 motion, alleging that his counsel was ineffective for coercing him to enter into a plea agreement and plead guilty, failing to provide him with "full discovery," and failing to effectively communicate with him. (§ 2255 Mot., ECF No. 482.) On January 4, 2024, the court denied the motion to appoint counsel and ordered Corbin to bring his § 2255 motion into proper form. (Order, ECF No. 483.) The court received Corbin's amended § 2255 motion in proper form along with additional documents on January 16, 2024. (Am. § 2255 Mot., ECF No. 495.) In his amended § 2255 motion, he realleged his ineffective-assistance-of-counsel claims and asserted additional claims contesting his convictions on Counts Four, Five, and Eleven. (Id. at 3-7, ECF No. 495.) Corbin generally claimed that he never personally possessed a firearm or any marijuana. (Id., ECF No. 495.) The court dismissed Corbin's § 2255 motion in a January 30, 2024, order. (Order, ECF No. 504.) On March 7, 2024,[2] Corbin filed the instant supplemental motion alleging, in part, that counsel was ineffective for failing to file an appeal. (§ 2255 Supp. Mot. 4, ECF No. 521.) Due to a change in address, it is unclear whether Corbin has received the court's January 30 order dismissing his initial § 2255 motion.

An attorney's failure to file a direct appeal after a request from a client constitutes ineffective assistance of counsel. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). When a prisoner alleges that his attorney failed to file an appeal as requested, the court has the authority to vacate the sentence and immediately reimpose and reinstate the movant's judgment

---

[1] See Houston v. Lack, 487 U.S. 266 (1988); Rule 3(d), Rules Governing Section 2255 Proceedings.

[2] See Houston v. Lack, 487 U.S. 266 (1988); Rule 3(d), Rules Governing Section 2255 Proceedings.

of conviction to allow the prisoner to appeal.  See id.  Therefore, the court hereby vacates Corbin's sentence and immediately reinstates and reimposes his judgment of conviction. Further, the court vacates the January 30, 2024, order.  The remainder of Corbin's claims are dismissed without prejudice.  See United States v. Killian, No. 01-7470, 2001 WL 1635590, at *1 (4th Cir. Dec. 20, 2001) (unpublished).

It is therefore

**ORDERED** that Corbin's § 2255 supplemental motion, docket number 521, is dismissed with leave to refile and his criminal judgment is vacated and immediately reimposed and reinstated with the date of imposition of judgment being the filing date of this order.  It is further

**ORDERED** that the remaining claims raised in Corbin's motion are dismissed without prejudice.

It is further

**ORDERED** that a certificate of appealability is denied because Corbin has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 13, 2024

3

**NOTICE OF RIGHT TO APPEAL REIMPOSED JUDGMENT OF CONVICTION**

The Movant is hereby notified that he has **FOURTEEN (14)** days from the filing date of this order in which to file a notice of intent to appeal his <u>criminal judgment of conviction</u>, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline will waive the right to appeal.

The notice immediately below relates only to the Movant's right to appeal this order and should not be confused with the fourteen-day period in which to file a notice of intent to appeal the judgment of conviction.

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal <u>this order</u> within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.