IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | |
| ) | Cr. No.: 7:22-00842-HMH |
| vs. ) | |
| ) | |
| Kendrick Naveed Corbin, ) | **OPINION & ORDER** |
| ) | |
| Movant. ) | |

This matter is before the court on Kendrick Naveed Corbin's ("Corbin") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the court grants the Government's motion for summary judgment and dismisses Corbin's § 2255 motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 18, 2023, Corbin pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 846 ("Count Four"); one count of discharging a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("Count Five"); one count of conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) ("Count Eight"); and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Eleven"). On November 14, 2023, the court sentenced Corbin to 231 months' imprisonment, consisting of 51 months on Counts Four and Eight, to run concurrently; 120 months on Count Five, to run consecutively to all other counts;

1

and 60 months on Count Eleven, to run consecutively to all other counts. (J., ECF No. 469.) Corbin did not appeal his convictions.

Corbin filed a motion seeking the appointment of counsel and the instant § 2255 motion on December 28, 2023,[1] alleging that his counsel was ineffective for coercing him to enter into a plea agreement and plead guilty, failing to provide him with "full discovery," and failing to effectively communicate with him. (§ 2255 Mot., ECF No. 482.) On January 4, 2024, the court denied the motion to appoint counsel and ordered Corbin to bring his § 2255 motion into proper form. (Order, ECF No. 483.) Corbin submitted his amended § 2255 motion in proper form along with additional documents on January 16, 2024. (Am. § 2255 Mot., ECF No. 495.) In his amended § 2255 motion, Corbin realleged his ineffective-assistance-of-counsel claims and asserted additional claims contesting his convictions on Counts Four, Five, and Eleven. (Id. at 3-7, ECF No. 495.) On January 30, 2024, the court issued an order dismissing the § 2255 motion and § 2255 amended motion. Subsequently, Corbin filed a change of address and supplement raising new claims and stating in part that his attorney failed to file an appeal as requested. (Supplement, ECF No. 521.) On March 13, 2024, the court vacated its January 30, 2024 order and immediately reimposed and reinstated Corbin's judgment of conviction to allow him to file an appeal. (Mar. 13, 2024 Order, ECF No. 522.) On December 10, 2024, the Fourth Circuit granted the Government's motion to dismiss the appeal, finding that the appeal was barred by his knowing and voluntary waiver of his right to appeal. United States v. Corbin, No. 24-2181, 2024 WL 5495443 (4th Cir. Dec. 10, 2024) (unpublished). On February 13,

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

2025,[2] Corbin filed the instant § 2255 motion, alleging claims of ineffective assistance of trial and appellate counsel. (§ 2255 Mot., ECF No. 546.) The court issued an order for the Government to respond, and the Government filed a response and motion for summary judgment on April 10, 2025. (Gov't Resp. & Mot. Summ. J., ECF No. 557) Corbin filed a reply on May 15, 2025.[3] This matter is ripe for review.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

[3] See Houston v. Lack, 487 U.S. 266 (1988).

moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

### B. Ineffective-Assistance-of-Counsel Claims

To successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Corbin must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689 (citation omitted). With respect to the second prong, Corbin must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Corbin pled guilty, he must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Ineffective assistance of appellate counsel is evaluated according to the same Strickland standard. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). The court must "presume that appellate counsel 'decided which issues were most likely to afford relief on appeal.'" United States v. Mason, No. 12-8042, 2014 WL 7210976, at *3 (4th Cir. Dec. 18, 2014) (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)).

To determine effectiveness of appellate counsel, a court must evaluate whether counsel failed to raise "a particular nonfrivolous issue [that] was clearly stronger than issues that counsel did present" on direct appeal. Smith, 528 U.S. at 288, 120 S.Ct. 746. However, appellate

counsel "need not (and should not) raise every nonfrivolous issue." Id. To the extent these issues are not frivolous, appellate counsel is "not obligated to assert all nonfrivolous issues on appeal," where the issue is not significant or obvious. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (citing Jones v. Barnes, 463 U.S. 745, 752 (1983)); see also United States v. Hayes, No. CR 3:02-548-CMC, 2011 WL 5865192, at *2 (D.S.C. Nov. 22, 2011) (unpublished). Accordingly, although "it is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim, . . . it is difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259, 285 (2000). As to prejudice, a petitioner must show a reasonable probability that, but for counsel's unprofessional errors, his appeal would have been successful. See id. at 285-86, 288, 120 S.Ct. 746.

### C. Ineffective Assistance of Trial Counsel Claims

Corbin alleges that his trial counsel was ineffective in failing to object to the "erroneously applied 924(c) conviction" and that counsel coerced Corbin into pleading guilty when he wished to proceed to trial. (§ 2255 Mot. 7, ECF No. 549.)

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal citation and quotation marks omitted). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974) (internal quotation marks omitted). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. at 30 (internal quotation marks omitted); Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant

5

has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [for effective assistance of counsel].").

Corbin "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56 (internal quotation marks omitted). In conclusory fashion, Corbin alleges that his guilty plea was not knowing and voluntary because his counsel was ineffective for coercing him to enter into his plea agreement and plead guilty. (§ 2255 Mot. 7, ECF No. 549.)

The Rule 11 colloquy, however, reflects that Corbin knowingly and voluntarily pled guilty. At his plea hearing, Corbin stated under oath that he had had enough time to discuss the matter with his attorney and had no complaints of his attorney. (Guilty Plea Tr. 4-5, ECF No. 503.) Corbin further indicated that he understood the charges against him, the potential penalties, and the rights that he was waiving by pleading guilty. (Id. at 6-12, ECF No. 503.) The court also specifically informed Corbin of the elements of each offense, and Corbin indicated that he understood those elements.[4] (Id. at 6-9, ECF No. 503.)

---

[4] For Count Four, the court stated the elements as follows:

> There was an agreement between two or more persons to possess with intent to distribute and to distribute a controlled substance alleged in the indictment. That you knew this agreement -- about this agreement or conspiracy. That you

6

Further, Corbin stated that no one had forced or coerced him into pleading guilty and that he was pleading guilty because he was guilty. (Id. at 12, ECF No. 503.) In addition, Corbin confirmed that he had thoroughly reviewed the plea agreement with his attorney, understood "each and every provision of" it, and understood that he was "waiv[ing] certain appellate rights." (Id. at 12-13, ECF No. 503.) Corbin then agreed with the following factual summary offered by the Government:

> Beginning at a time prior to January 25th of 2022, Kendrick Naveed Corbin voluntarily and intentionally joined in an agreement with at least one other co-conspirator to attempt to rob individuals who were transporting marijuana through the Greenville Spartanburg International Airport as alleged in Count 8.
>
> Mr. Corbin and his associate, Mr. Razor, traveled up to GSP on January 25th, 2022, waited outside the terminal. Individuals who were trafficking marijuana came outside, loaded the marijuana into the vehicle. They followed the vehicle into the parking garage and attempted to rob four individuals of the suit cases containing marijuana using [a] firearm. This attempted robbery obstructed, delayed, or affected commerce as alleged in Count 8 in that it disrupted operations of the international airport and affected the movement of a distribution quantity of marijuana, which the victims of the robbery were attempting to traffic and which was seized by the police as a result of the robbery.
>
> Beginning at least in or around January of 2020, Mr. Corbin agreed with at least one other co-conspirator and Mr. Brown did as well, to possess with intent to distribute marijuana and distribute marijuana as alleged in Count 4. The attempted robbery at GSP on January 25th, 2022, and the events that followed in

---

> knowingly and voluntarily participated in or became a part of the unlawful conspiracy.

(Guilty Plea Tr. 6, ECF No. 503.) For Count Five, the court explained to Corbin that the Government must prove "[t]hat you committed a drug trafficking crime that may be prosecuted in a court of the United States. That you knowingly possessed a firearm in furtherance of such crime. That the possession of the firearm advanced the offense in some way, and that you discharged the firearm." (Id. at 8-9, ECF No. 503.) Finally, for Count Eleven, the court informed Corbin that the elements were "[t]hat you committed a drug trafficking crime . . . that may be prosecuted in a court of the United States. That you knowingly possessed a firearm in furtherance of such crime. And the possession of the firearm advanced the offense in some way." (Id. at 7-8, ECF No. 503.)

> January of 2023, were committed in furtherance of this conspiracy, and the robbery was committed in an attempt to acquire additional marijuana which Mr. Corbin and other members of the conspiracy intended to distribute.
>
> In furtherance of this conspiracy to possess with intent to distribute marijuana, Mr. Corbin discharged a firearm while attempting to take possession of the marijuana in the parking garage. Following the attempted robbery police located Mr. Corbin's associate. They also found a firearm that matched shell casings from that scene of the shooting. Mr. Corbin's fingerprints were found on the driver side of the car used in the robbery. He was captured on surveillance footage from the airport, and cell phones obtained from Mr. Corbin and Mr. Razor placed him at the scene of the robbery at the time of the robbery.
>
> After Mr. Corbin was indicted on this case in 2022, law enforcement learned that he was headed to GSP on January 23rd of 2023, and he had Mr. Brown with him at the time. When law enforcement arrived they found Mr. Corbin and Mr. Brown parked in a vehicle outside the terminal. The vehicle smelled strongly of marijuana. It was searched and multiple firearms were recovered. Mr. Corbin was in the process of picking up co-defendant Maurice Bynum who's also a co-conspirator with Mr. Brown who had just flown into GSP and who was attempting to load a suitcase into the back of the car that these two gentlemen were sitting in.
>
> A search of the suitcase revealed a large quantity of vacuum sealed marijuana. A search of Mr. Corbin's cell phone revealed text messages indicating he was there. He was on the way to the airport to re-up on that day, which is a term for resupplying himself, as well as a photo of a pistol that was recovered from the center console of the vehicle that he was driving. He was attempting to possess marijuana with intent to distribute it and possessed the firearm in furtherance of this drug trafficking crime.
>
> The same is true of Mr. Brown who was also with him that day. He took possession of a Glock model 23, which was sitting right in the door next to him while this marijuana was attempting to be loaded in the back of the car. And evidence from his cell phone revealed communications indicating that he was a part of this conspiracy to distribute marijuana and knew that they were there to pick up marijuana. He therefore possessed a firearm in furtherance of a drug trafficking crime and was a part of that drug trafficking conspiracy. That's a summary of the facts.

(Guilty Plea Tr. 15-18, ECF No. 503.)

The Fourth Circuit has admonished that, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a

8

district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005); Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., Medley v. United States, Civil Action No. DKC 2008-1477, 2009 WL 2168940, at *4 (D. Md. July 17, 2009) (unpublished) (denying § 2255 motion based on ineffective assistance of counsel and concluding that "[p]etitioner must have more than mere allegations to create factual disputes with the sworn testimony she offered in her plea proceeding").

There are no extraordinary circumstances present in this case to support Corbin's conclusory claim that his attorney coerced him into pleading guilty.  The admitted facts establish that Corbin entered into a conspiracy to distribute marijuana and used firearms in furtherance of the drug trafficking.  (Guilty Plea Tr. 15-18, ECF No. 503.)  Corbin's statements under oath during his Rule 11 colloquy squarely contradict his claims that his counsel coerced him to plead guilty.  Morgan v. United States, No. 1:18CR31, 2022 WL 3702030, at *3 (N.D. W. Va. Aug. 26, 2022) (unpublished) ("The plea colloquy also contradicts [defendant's] assertion that his attorney and the Court coerced him into pleading guilty.  [Defendant] alleges that his attorney convinced him to plead guilty by promising he would receive a sentence of probation.")

Moreover, Corbin received a substantial benefit by pleading guilty in the form of a three-level reduction for acceptance of responsibility.  United States v. Kidwell, No. 5:19-CR-00025-

9

002, 2023 WL 5751476, at *4 (W.D. Va. Sept. 6, 2023) (unpublished) ("[A] lack of prejudice is evidenced by both the substantial benefit she received by pleading guilty and cooperating, and her numerous statements under oath confirming that she understood the charges against her, the potential penalties, and that her decision to plead guilty was not the result of coercion or threats. In short, there is no evidence to support that she would have gone to trial instead of pleading guilty had counsel offered different advice."). Further, the Government agreed to dismiss Counts 9, 10, and 13 of the Fourth Superseding indictment and to not indict Corbin for an additional "§ 924(c) that occurred on or around October 7, 2022 or for violations of 18 U.S.C. 922(o) that occurred prior to the date of the entry of [the] guilty plea." (Plea Agreement ¶ 4, ECF No. 359.)

Based on the foregoing, the truth of Corbin's sworn statements during his plea hearing is conclusively established. Corbin's claims, lacking in any factual basis, are wholly insufficient to overcome his sworn testimony during his plea hearing. The record reflects that Corbin voluntarily and knowingly pled guilty.[5]

In addition, Corbin claims that his trial counsel was ineffective in failing to object to the § 924(c) convictions for possessing a firearm in furtherance of a drug trafficking crime. Corbin alleges that conspiracy to possess with intent to distribute marijuana, attempted possession with intent to distribute marijuana, and attempted Hobbs Act robbery do not qualify as "drug trafficking crimes" or "crimes of violence" as required to serve as the predicate offenses for his § 924(c) convictions. (§ 2255 Mot. 6-7, ECF No. 546.) This claim fails on the merits.

---

[5] In an affidavit submitted with his reply, Corbin raises additional conclusory claims alleging that his trial counsel was ineffective for failing to raise a 4th amendment violation, show Corbin the grand jury transcripts, and hire a private investigator. (Reply Ex. 1 (Affidavit ¶¶ 6-8), ECF No. 562-1.) These claims are also barred by Corbin's knowing and voluntary guilty plea.

As an initial matter, attempted Hobbs Act robbery did not serve as the predicate offense for either of Corbin's § 924(c) convictions.  The § 924(c) offenses set forth in Count 5 and Count 11 of the Fourth Superseding Indictment were predicated on drug trafficking offenses, the conspiracy to possess with intent to distribute charged in Count 4 and the attempt to possess with intent distribute charged in Count 10.  (Fourth Sup. Ind., ECF No. 260; Guilty Pl. Tr. at 7-9). Thus, Corbin's reliance on United States v. Davis, 588 U.S. 445 (2019), addressing the definition of crime of violence under the categorical approach has no application in this case at bar.

Further, Corbin's argument that conspiracy and attempt to possess marijuana with intent to distribute are not "drug trafficking crimes" for purposes of § 924(c) is incorrect.  18 U.S.C. § 924(c)(2) defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."  Id.  Thus, the definition encompasses both the conspiracy and attempt to possess charges referenced in Counts 5 and 11.

Corbin's reliance on United States v. Campbell, 22 F.4th 438 (4th Cir. 2022), and United States v. Norman, 935 F.3d 232 (4th Cir. 2019), in support of his argument is misplaced.  Both Campbell and Norman concerned the definition of a "controlled substance offense" under United States Sentencing Guidelines § 4B1.2(b), not the definition of a drug trafficking crime under 18 U.S.C. § 924(c).  United States v. Clanton, No. 21-4495, 2022 WL 2555973, at *1, n.2 (4th Cir. Mar. 29, 2022) (unpublished) (noting that a "conspiracy conviction is a valid predicate because a 'drug trafficking crime' under § 924(c) is statutorily defined to include § 846 offenses," and "[the defendant's] reliance on United States v. Norman, 935 F.3d 232 (4th Cir. 2019), is therefore misplaced"); Suggs v. United States, No. 2:20CR77, 2023 WL 2352929, at *4 (E.D. Va. Mar. 3, 2023) (unpublished) ("A § 846 drug trafficking conspiracy is a felony punishable

11

under the Controlled Substances Act, which is fatal to Petitioner's § 2255 claim. The cases Petitioner relies on in support of his position, including United States v. Norman, 935 F.3d 232 (4th Cir. 2019), address the legal definition of a 'controlled substance offense' under the federal sentencing Guidelines, a definition that differs from the definition of 'drug trafficking crime' under § 924(c)(2).").

Moreover, using a firearm in an attempted robbery of a distribution quantity of drugs is sufficient to support a § 924(c) charge of possessing a firearm in furtherance of a drug tracking crime. United States v. Crawley, 2 F.4th 257, 265 (4th Cir. 2021). As the court noted in Crawley, there was a sufficient factual basis for the defendant's guilty plea to the § 924(c) offense where the defendant "admitted that he and his codefendants robbed the house of someone they believed to be a drug dealer with the intent to steal drug proceeds and 'half a kilogram or more of cocaine,' far more than they would have needed for personal use." Id. at 264. The court held that the defendant's "admission that he and his confederates attempted to steal half a kilogram of cocaine is enough to sustain his conviction pursuant to a guilty plea for a § 924(c) offense expressly predicated upon a drug trafficking crime." Id. at 265. Like in Crawley, there is a sufficient factual basis for Corbin's guilty plea to the § 924(c) offenses.

Based on the foregoing, the record reflects Corbin voluntarily and knowingly pled guilty. Further, there is no evidence that Corbin's counsel was deficient or that Corbin would not have pled guilty and insisted on going to trial.

### B. Ineffective Assistance of Appellate Counsel Claims

As for Corbin's claims that appellate counsel was ineffective for failing to raise meritorious claims on appeal, Corbin waived his right to directly challenge his convictions and sentence. (§ 2255 Mot. 4, ECF No. 549.) The appellate waiver in is plea agreement states:

12

> The Defendant is aware that 18 U.S.C. 3742 and 28 U.S.C. 2255 afford every defendant certain rights to contest a conviction and /or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence.

(Plea Agreement ¶ 9, ECF No. 359.)

Corbin claims that his appellate counsel was ineffective for failing to challenge the § 924(c) convictions and raise the claim that his marijuana convictions are invalid because it was hemp do not fall within one of these exceptions.[6] (Reply 4-5, ECF No. 562.) Further, the Fourth Circuit found that Corbin's appellate waiver was knowing and voluntary. United States v. Corbin, No. 24-4181, 2024 WL 5495443 (4th Cir. Dec. 10, 2024) (unpublished) ("Upon review of the record, we conclude that Corbin knowingly and voluntarily waived his right to appeal and that the issue Corbin seeks to raise on appeal falls squarely within the scope of his waiver of appellate rights."). Thus, even if the claims had been raised on appeal, these claims were beyond the scope of appellate review. Moreover, as set forth above, these claims are without merit. Based on the foregoing, Corbin's ineffective assistance of appellate counsel claims are without merit.

Therefore, it is

**ORDERED** that Government's motion for summary judgment, docket number 557, is granted. It is further

**ORDERED** that Corbin's § 2255 motion, docket number 546, is summarily dismissed. It is further

---

[6] Although somewhat unclear, to the extent Corbin is directly challenging his marijuana convictions arguing that they are invalid because it was actually hemp, this claim likewise fails as it is barred by the waiver in paragraph 9 of Corbin's plea agreement.

**ORDERED** that a certificate of appealability is denied because Corbin has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
May 29, 2025

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.